An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DARRYL L. JONES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61437

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

Appellant Darryl Jones argues that the district court erred by denying his petition because trial counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate (a) that counsel's performance was deficient in that it fell below an objective standard of reasonableness and (b) resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown. Strickland, 466 U.S. at 697. We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Jones argues that the district court erred by denying his claim that counsel was ineffective for failing to make any oral argument related to his pretrial motion to suppress the fruit of an illegal search.

13-07686

The district court denied this claim because this court rejected Jones' contention that the search was illegal on direct appeal, see Jones v. State, Docket No. 55508 (Order Affirming in Part, Reversing in Part and Remanding, November 5, 2010), and therefore any argument would have been futile. See Ennis v. State, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). We conclude that the district court did not err by denying this claim.

Second, Jones argues that the district court erred by denying his claim that counsel was ineffective for failing to propose an instruction defining "personal identification information." Jones asserts that, without such a definition, the jury had no guidance in applying the law to the facts and he was prejudiced by counsel's failure to seek such a definition because the issue was not preserved for appeal.[1] The district court denied this claim because Jones failed to demonstrate that the instructions given were objectionable and did not establish legal cause for different instructions. We note that Jones failed to suggest an appropriate definition of "personal identification information," and the words are "'sufficiently definite that ordinary people using common sense could grasp the nature of the prohibited conduct,'" Ford v. State, 127 Nev. ___, ___, 262 P.3d 1123, 1132 (2011) (quoting U.S. v. Gagliardi, 506 F.3d 140, 147 (2d Cir. 2007)). We conclude that the district court did not err by denying this claim.

---

[1]Jones also appears to claim that counsel was ineffective for failing to challenge a statute as unconstitutionally vague. We decline to address this claim because it is not supported by any authority or cogent argument. See Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Third, Jones argues that the district court erred by denying his claim that counsel was ineffective for failing to interview James P. Carney to determine whether he gave Jones permission to use his identity. The district court conducted an evidentiary hearing and determined that the claim was belied by the record because James P. Carney, the victim, testified that he never gave Jones permission to use his identity. However, Jones' argument indicated that counsel was ineffective for failing to interview a different James P. Carney who Jones claimed lived in California. Because Jones failed to establish that James P. Carney of California's testimony would have been favorable, or that he even existed, we conclude that the district court did not err by denying this claim. See Wyatt v. State, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (noting that we will affirm a decision of the district court if it reaches the right result, even if for the wrong reason).

Fourth, Jones argues that the district court erred by denying his claims that counsel was ineffective for failing to interview other witnesses, subpoena bank policies and procedures, and subpoena bank surveillance videos. The district court denied these claims because Jones failed to identify what such investigations would have revealed and how they would have changed the result at trial. See Browning v. State, 120 Nev. 347, 357, 91 P.3d 39, 47 (2004) ("[S]peculation does not demonstrate prejudice."). We conclude that the district court did not err by denying these claims.

Fifth, Jones argues that the district court erred by denying his claim that counsel was ineffective for failing to object to in-court identification tainted by a photographic line-up. The district court denied this claim because there was no indication that the photographic line-up

was suggestive and thus any objection would have been futile. See Ennis, 122 Nev. at 706, 137 P.3d at 1103; see also Gehrke v. State, 96 Nev. 581, 583-84, 613 P.2d 1028, 1030 ("The test is whether, considering all the circumstances, 'the confrontation conducted in this case was so unnecessarily suggestive and conducive to irreparable mistaken identification that (appellant) was denied due process of law.'" (quoting Stovall v. Denno, 388 U.S. 293, 301-302 (1967), disapproved on other grounds by Griffith v. Kentucky, 479 U.S. 314, 326-27 (1987))). We conclude that the district court did not err by denying this claim.

Sixth, Jones argues that the district court erred by denying his claims that counsel was ineffective for failing to present mitigating evidence at sentencing and failing to argue for concurrent sentences. The district court denied these claims because counsel adamantly argued on Jones' behalf at sentencing. We conclude that the district court did not err by denying these claims.

Seventh, Jones argues that the district court erred by denying his claim that counsel's ineffectiveness, considered cumulatively, warrants relief. The district court denied this claim because it found that counsel was not ineffective. We conclude that the district court did not err by denying this claim.

Having considered Jones' contentions and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                                              Saitta

cc: Hon. Doug Smith, District Judge
Matthew D. Carling
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A