An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL J. SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61805

**FILED**

MAY 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Michael Smith's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

Smith contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient and that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). An appellant is entitled to an evidentiary hearing if he provides specific facts supporting his claim that

13-14389

are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

First, Smith argues that the district court erred by not conducting an evidentiary hearing and denying his claim that, prior to his decision to represent himself, counsel was ineffective for failing to move to suppress a photographic lineup. The district court denied this claim because Smith could have moved to suppress the lineup once he began representing himself and he was unable to fault prior counsel for his own errors. Smith correctly asserts that because he assumed representation the day before trial, any attempt to suppress the lineup would have been untimely and the district court would have been within its discretion to deny it on that basis. *See* EDCR 3.20(a); EDCR 3.28. However, because Smith failed to demonstrate that the outcome at trial would have been different even if the photographic lineup had been suppressed, we conclude that the district court did not err by denying this claim without conducting an evidentiary hearing. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (affirming a decision of the district court if it reaches the right result).

Second, Smith argues that the district court erred by denying his claim that appellate counsel was ineffective for failing to successfully argue that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), and that the violation caused him prejudice. The district court denied this claim because appellate counsel argued that the State violated *Brady* and addressed prejudice and Smith failed to demonstrate the manner that counsel should have argued the claim which would have had a reasonable probability of success on appeal. We conclude that Smith failed to demonstrate that district court erred by denying this claim. *See Mazzan v.*

*Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000) (summarizing the components necessary to show a *Brady* violation).

Third, Smith argues that the district court erred by denying his claim that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal. The district court denied this claim because raising trial counsel's ineffectiveness on direct appeal would have been inappropriate. *See Feazell v. State*, 111 Nev. 1446, 1449, 906 P.2d 727, 729 (1995). We conclude that the district court did not err by denying this claim.

Having considered Smith's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                        Saitta

cc:     Hon. Doug Smith, District Judge
        Law Offices of Martin Hart, LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk