An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID TIFFANY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63436

**FILED**

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Doug Smith, Judge.

Appellant filed his petition on February 22, 2013, more than two years after issuance of the remittitur on direct appeal on October 18, 2010. *Tiffany v. State*, Docket No. 49817 (Order of Affirmance, April 13, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised a new and different claim.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27747

*See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

In an attempt to excuse his procedural defects, appellant claimed that the United States Supreme Court decisions in *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), provided good cause to raise his claim that trial counsel was ineffective for failing to secure or communicate plea offers. Appellant asserted that, because these two cases were decided on March 21, 2012—after he filed his first post-conviction petition for a writ of habeas corpus—he could not have raised this ineffective-assistance claim in his earlier petition. Appellant's good-cause argument was without merit because his case was final when *Cooper* and *Frye* were decided, and he failed to demonstrate that the cases would apply retroactively to him. Even if *Cooper* and *Frye* announced new rules of constitutional law, he failed to allege facts to support that he met either exception to the general principle that such rules do not apply retroactively to cases which were already final when the new rules were announced. *See Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002).

Because the petition was procedurally barred and appellant failed to demonstrate good cause, we conclude that the district court did not err in denying the petition.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta


cc:     Hon. Doug Smith, District Judge
        David J. Tiffany
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]We note that the district court erred in finding that it lacked jurisdiction over the petition because the appeal from appellant's first post-conviction habeas petition was pending in this court. We nevertheless affirm because the district court reached the correct result in denying the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

SUPREME COURT
OF
NEVADA

(O) 1947A