THOMAS D. WYATT, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5765

April 20, 1970                    468 P.2d 338

*Richard C. Minor,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *Robert F. List,* District Attorney, of Carson City, for Respondent.

## OPINION

By the Court, BATJER, J.:

The appellant was found guilty on six (6) counts of violating NRS 202.360(2),[1] which prohibits an ex-felon from possessing a firearm capable of being concealed upon the person. From the judgment of conviction and the order denying his motion for a new trial, this appeal is taken.

The appellant contends that the trial court erred when it admitted certain evidence which was seized during a search which he claims was illegal and when it allowed the state to introduce certain testimony as rebuttal evidence. He further contends that the provisions of NRS 178.556[2] were violated and as a result he was denied his constitutional right to a speedy trial, and that his constitutional rights protected by Miranda v. Arizona, 384 U.S. 436 (Ariz. 1966), were also violated.

It appears from the record, upon an affidavit executed on information and belief by Harold V. Dunn, Jr., a police officer employed by Carson City, Nevada, that a search warrant was issued by the justice of the peace of Ormsby County (now Carson City), commanding any peace officer of that county to search, at any time, the premises used and occupied by the appellant, as well as a pick-up truck and "camper" body located on those premises, and to seize medical instruments and other medical supplies and equipment alleged to have been used by the appellant in the performance of an abortion.

On June 2, 1967, at approximately 11:15 p.m., armed with

---

[1]NRS 202.360(2): "After July 1, 1925, no unnaturalized foreign-born person, and no person who has been convicted of a felony in the State of Nevada, or in any one of the states of the United States of America, or in any political subdivision thereof, or of a felony in violation of the laws of the United States of America, shall own or have in his possession or under his custody or control any pistol, revolver or other firearm capable of being concealed upon the person."

[2]NRS 178.556: "If no indictment is found or information filed against a person within 15 days after he has been held to answer for a public offense, or if a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment or filing of the information, the court may dismiss the indictment, information or complaint."

the search warrant, as well as a warrant of arrest, charging the appellant with the crime of abortion (State v. Wyatt, 84 Nev. 731, 448 P.2d 827 (1968)), the sheriff of Ormsby County accompanied by other peace officers went to the premises described in the search warrant. They were met at the door by the appellant who was immediately arrested and warned of his constitutional rights as required by Miranda v. Arizona, supra. Immediately thereafter, the appellant was served with the search warrant and the search of the premises began. The pick-up truck and camper body were locked and the appellant produced keys so they could be opened and searched.

Medical instruments and equipment were discovered and seized, and while searching the "camper" one hand gun was discovered and taken as evidence. (The officers were all aware that the appellant was an ex-felon.)

There also was located within the premises a camp trailer which was locked. The appellant produced a key and the trailer was opened and searched. There, five more hand guns were discovered and seized by the officers.

On June 5, 1967, a complaint was filed with the justice of the peace, charging the appellant with the crime of being an ex-felon in possession of a firearm capable of being concealed on the person, and in particular the Smith and Wesson Cal. 38 special found in the "camper" on the pick-up truck. The appellant was arrested and arraigned on that complaint on June 7, 1967. On December 8, 1967, he was charged and arrested for the possession of the five (5) other firearms seized on June 2, 1967. Upon the stipulation of counsel, the preliminary examinations, available to the appellant on each of the separate complaints, were combined and held on January 4, 1968, at which time the appellant was bound over to district court for trial.

At that time the appellant requested a delay in the filing of the information so he could take care of certain personal business; therefore, the information was not filed until February 26, 1968. On March 1, 1968, the appellant moved to dismiss the information upon a "Motion to Quash Information" (NRS 174.075), upon the grounds of duplicity. That motion was denied on April 3, 1968, and on April 24, 1968, the appellant entered his plea of not guilty to all counts in the information.

Immediately after his entry of a plea, the appellant, through counsel, waived the rule that requires a trial to be commenced within 60 days from the filing of the information (formerly NRS 178.495, cf. NRS 178.556) and the trial was set for July 8, 1968.

On June 27, 1968, the appellant, through substituted counsel, filed a petition for a writ of habeas corpus claiming (1) that the delay in holding the preliminary examination until January 4, 1968, on the complaint filed in justice's court on June 5, 1967, was unnecessary and unreasonable; (2) that the state had violated the provisions of NRS 178.556 which requires the filing of the information within 15 days after he was held to answer. On July 1, 1968, the district court entered its order denying the petition, and on that same day the appellant filed his notice of appeal. On July 8, 1968, by order, this court affirmed the order of the district court on the grounds that the petition for habeas relief was not timely filed. (Wyatt v. State, File No. 5653.)

At the commencement of the trial on July 8, 1968, the appellant again moved to dismiss the information because it had been filed more than 15 days after the appellant was held to answer for the offense charged. The district court denied this motion on the grounds that it had not been made before the appellant's plea was entered and it was therefore untimely.

The appellant was apparently laboring under the mistaken belief that NRS 178.556 was controlling, and the trial court mistakenly believed that NRS 174.115[3] was controlling. Because the complaints, in this case, were filed before January 1, 1968, neither NRS 178.556 nor NRS 174.115 was in effect, and the former section NRS 178.490 should have been relied upon. (See 1967 Statutes of Nevada, Chapter 523, section 466(2)(b).) At the time the appellant was bound over to district court, his attorney and the prosecutor entered into a stipulation agreeing that the information would not be immediately filed in order to allow the appellant time to conclude some personal matters. The trial court was unaware of that stipulation, although the prosecutor made an attempt to apprise the judge of that fact. Nevertheless, the trial judge reached the proper result, if for the wrong reason, when he denied the appellant's motion to dismiss the information just before the commencement of the trial. If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal. Conley v. Chedic, 6 Nev. 222 (1870); Jumbo Mining Co. v. District Court, 28 Nev. 253, 81 P. 153 (1905);

---

[3]NRS 174.115: "The motion shall be made before the plea is entered, but the court may permit it to be made within a reasonable time thereafter."

Edmonds v. Perry, 62 Nev. 41, 140 P.2d 566 (1943); Orma-chea v. Ormachea, 67 Nev. 273, 217 P.2d 355 (1950).

We now turn to the appellant's contention that the procedure followed by the police which led to the discovery of the hand guns was improper. As we said in Stamps v. State, 83 Nev. 232, 428 P.2d 188 (1967), "We deem it to be exemplary and commendable." Dunn's affidavit was given in considerable detail. The place to be searched and the items to be seized were clearly described. He named his informants, detailed the information furnished by them, and explained the reasons why he relied on them. He also alleged in detail why the search warrant which he sought should be served during the nighttime.

In addition to the contraband designated in Dunn's affidavit, the search produced the hand guns which the appellant contends were illegally seized and erroneously admitted into evidence. The appellant's contention is without merit.

NRS 179.030 (which was the statute in effect at the time of the search in this case) provided: "No search warrant shall be issued but upon probable cause, supported by affidavit naming or describing the person, and particularly describing the property and place to be searched."

In Gordon v. State, 83 Nev. 177, 426 P.2d 424 (1967), this court, in discussing probable cause in connection with the warrantless arrest said: "Probable cause exists if the facts and circumstances known to the officer at the moment of the arrest would warrant a prudent man in believing a felony had been committed by the person arrested."

Here we have facts somewhat similar to those in Stamps v. State, supra, where this court said: "Justification of a search warrant, not an arrest, is involved here, but the element of probable cause is the same."

In Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1958), a case dealing with probable cause in a warrantless arrest and search, a federal narcotics agent was told by an informer, whom he knew to be reliable, that Draper was selling narcotics and would arrive by train from Chicago with a supply. The informer described Draper and told the agent, within a space of two days, when he would arrive. When Draper did arrive, he was recognized, arrested, and the narcotics were seized. The United States Supreme Court held the arrest to be lawful and said that even hearsay information was entitled to be considered by the arresting officer.

In Spinelli v. United States, 393 U.S. 410 (1969), while

holding that the affidavit in that case fell short of the standards set forth in Aguilar v. United States, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1963), Draper v. United States, supra, and our other decisions that give content to the notion of probable cause, the High Court said: "The detail provided by the informant in Draper v. United States, [supra] provides a suitable benchmark." And then went on to say: "In holding as we have done, we do not retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, . . . ." Here the search warrant was supported by Dunn's recitation in his affidavit of the details surrounding the abortion and furthermore a detailed description was given of the medical instruments alleged to have been used in that abortion, as well as a detailed description of the premises to be searched.

We find the affidavit supporting the search warrant established the probability of criminal activiting and was entirely adequate. The search conducted pursuant to the warrant was in all respects legal.

Shortly after his arrest, the appellant advised the officers that he wished to call his attorney, which he was allowed to do. His attorney did not come to the premises while the search was being conducted and it appears from the record that during the search there was conversation between the appellant and some of the officers. During the trial, without any objection being made by the appellant, the prosecutor asked Sheriff Humphrey about his conversation with the appellant, and the sheriff stated that the appellant admitted the seized weapons belonged to him.[4]

When an appellant fails to specifically object to testimony elicited during trial, but complains about it, in retrospect, upon appeal, we do not consider his contention to be a valid assignment of error. Cross v. State, 85 Nev. 580, 460 P.2d 151 (1969); Cranford v. State, 76 Nev. 113, 349 P.2d 1051 (1960); State v. Ceja, 53 Nev. 272, 298 P. 658 (1931).

---

[4]"Mr. List (District Attorney): Q. Did you have any further conversation with the defendant on that evening concerning these weapons?

"(Sheriff Humphrey): A. Yes. After they were all assembled up in the office section of the building, Doctor Wyatt had indicated to me that he had some concern about the care and custody of these weapons. And he asked me if they were going to be properly cared for. And I told him, 'Yes, they would be, they would be held in our vault at the station.' And I asked him for positiveness of the weapons if they all belonged to him and he said, 'Yes, they do.' "

The seized hand guns were properly admitted into evidence. When, during the course of a bona fide search, objects indicative of the commission of other crimes are found, they may be seized. In United States v. Charles, 8 F.2d 302 (N.D. Cal. 1925), it was said: "Wherever, during the progress of a bona fide search for other commodities illegally possessed, intoxicating liquor is found, whether a search warrant has issued or not, it would seem that its seizure not only is legal but mandatory." In Stamps v. State, supra, this court said: "The officers were lawfully where they were, trying to locate the item they had seen appellant hide. They were not required to shut their eyes to contraband when they happened upon it." In People v. Daily, 321 P.2d 469 (Cal. 1958), that court held: "Moreover, when conducting such a search officers need not blind themselves to other things they see, such as objects used or usable in performing an abortion or objects indicative of the commission of other crimes."

We have considered the appellant's other assignments of error, which we find to also be without merit.

The judgment of the trial court and its order denying the appellant's motion for a new trial are both affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.