An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

EMMANUEL SEDANO COPADO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62084

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Emmanuel Copado's post-conviction motion to withdraw his guilty plea. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Copado contends that the district court erred by denying his motion to withdraw his guilty plea because he was not informed that his plea to an aggravated felony subjected him to mandatory deportation.[1] A district court may grant a post-conviction motion to withdraw a guilty plea in order to "correct manifest injustice," NRS 176.165, which may be demonstrated by counsel's failure to inform his client of the immigration consequences of his plea, *Padilla v. Kentucky*, 559 U.S. ___, ___ 130 S. Ct. 1473, 1483 (2010); *Rubio v. State*, 124 Nev. 1032, 1039-40, 194 P.3d 1224,

---

[1]Copado pleaded guilty to battery causing substantial bodily harm and received a suspended sentence of 12-36 months. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); 8 U.S.C. § 1101(a)(43)(F) (listing a crime of violence as an aggravated felony).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21411

1228-29 (2008). The district court denied Copado's motion to withdraw his guilty plea because it concluded that laches barred consideration of its merits. Even assuming, without deciding, that laches does not preclude consideration of Copado's motion on the merits, we conclude that the district court did not abuse its discretion by denying Copado's motion because he failed to demonstrate that counsel was deficient. *See Chaidez v. United States,* 568 U.S. ___, ___, 133 S. Ct. 1103, 1105 (2013) (*Padilla* does not apply retroactively); *see also Means v. State,* 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004) (the petitioner must demonstrate the underlying facts by a preponderance of the evidence); *Wyatt v. State,* 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (we will affirm the district court if it reaches the right result). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Connie J. Steinheimer, District Judge
       Ian E. Silverberg
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk