An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL RAY HUGHES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62019

FILED

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

On August 15, 2012, appellant filed a proper person post-conviction petition for a writ of habeas corpus in the district court challenging a prison disciplinary hearing held on November 18, 2009, which resulted in a finding of guilt of MJ31, misuse of a telephone, and the forfeiture of 180 days of credit. It appears that appellant is no longer in custody on the sentence challenged by him in his petition. Therefore, any issue concerning the loss of statutory credits is now moot. *See Johnson v. Dir., Nev. Dep't. of Prisons*, 105 Nev. 314, 316, 774 P.2d 1047, 1049 (1989)

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27951

(stating that expiration of a defendant's sentence renders any issue concerning computation of the sentence moot).

As a separate and independent ground to deny relief, appellant's petition is procedurally barred. This is appellant's third challenge to the November 18, 2009, disciplinary hearing. On September 21, 2011, appellant filed his first petition in district court case number C223092. On March 07, 2012, appellant attempted to file a petition challenging the same disciplinary hearing in district court case number C214506, the instant case, but the district court clerk correctly docketed the petition in a separate civil case number, A657750. *See* NRS 34.730(3). Both of those petitions were denied. Appellant only appealed the denial of his petition in district court case number C223092 but voluntarily withdrew that appeal prior to resolution on appeal. *Hughes v. State*, Docket No. 60457 (Order Dismissing Appeal, December 12, 2012). Thereafter, appellant filed the instant petition in case number, C214506.

We conclude that appellant's petition was successive because he had previously filed two post-conviction petitions for a writ of habeas corpus challenging the same disciplinary hearing, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition. *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. NRS 34.810(3). Appellant failed to demonstrate good cause and

prejudice to overcome the procedural bars, and therefore, the district court did not err in denying the petition.[2]  Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:     Hon. James M. Bixler, District Judge
        Michael Ray Hughes
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]We note that that the district court erroneously denied the petition based on the law-of-the-case doctrine and res judicata; nevertheless, we affirm the district court's decision to deny the petition for the reasons discussed in this order.  *Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted.  To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.