An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER KEITH LASH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64663

**FILED**

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Christopher Keith Lash's motion for a new trial. First Judicial District Court, Carson City; James Todd Russell, Judge.

Lash contends that the district court abused its discretion by finding that violent acts committed by the victim approximately 7 months after the jury returned its guilty verdict did not warrant a new trial based on newly discovered evidence. *See* NRS 176.515(1); *Mortensen v. State,* 115 Nev. 273, 286, 986 P.2d 1105, 1114 (1999) (listing factors to consider in ruling on motion for a new trial based on newly discovered evidence (quoting *Sanborn v. State,* 107 Nev. 399, 406, 812 P.2d 1279, 1284-85 (1991))). We disagree.[1]

The district court has broad discretion in ruling on a timely motion for a new trial. *See Servin v. State,* 117 Nev. 775, 792, 32 P.3d 1277, 1289 (2001). Here, the district court conducted a hearing and denied Lash's motion after erroneously determining that the alleged newly discovered evidence was not admissible pursuant to NRS 48.045(1)(b) and

---

[1]After a three-day jury trial, Lash was convicted of battery resulting in substantial bodily harm and sentenced to a suspended prison term of 12-32 months with a probationary period not to exceed 5 years.

14-19147

NRS 48.045(2). The specific evidence at issue, however, did not exist at the time of Lash's trial and therefore cannot form the basis for a motion for a new trial based on newly discovered evidence. *See State v. Bass*, 4 So. 3d 353, 357-58 (Miss. Ct. App. 2008) (explaining that "newly discovered evidence must have been facts that existed at the time of trial," but "which could not have been discovered by the exercise of due diligence at the time of trial" (internal quotation marks and citation omitted)). We conclude that the district court reached the right result, albeit for the wrong reason. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

---

[2]The verification and certificate of compliance submitted by counsel for the State does not comply with NRAP 32(a)(8)(B), *see* NRAP 3C(h)(3) (requiring fast track certificate of compliance to be substantially in the form required by NRAP 32(a)(8)), because it does not state the number of words in the brief. The statement that the brief "does not exceed 4,667 words or 433 lines of text" does not comply with this requirement. Additionally, the fast track response submitted by the State improperly contains numerous citations to the appendix filed in a different case. *See* NRAP 3C(f)(1)(C). We caution counsel for the State that the failure to comply with the rules of this court may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. James Todd Russell, District Judge
State Public Defender/Carson City
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk