An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MELVIN J. ADAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63310

FILED

JUN 11 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying appellant Melvin J. Adams's post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Adams filed a petition on December 5, 2012, challenging the sentence and conditions of lifetime supervision in district court case number C201406. On appeal, Adams argues that the district court erred in denying his petition as procedurally barred. We note, however, that at the time Adams filed his petition in the district court, he had expired his sentence of imprisonment and was subject only to lifetime supervision. A person on lifetime supervision may not file a post-conviction petition for a writ of habeas corpus because he is not under a sentence of death or

---

[1]Adams labeled his petition alternatively a "motion to strike conditions of lifetime supervision." To the extent that he attempts to appeal the denial of this motion, we lack jurisdiction because no statute or court rule permits an appeal from an order denying a "motion to strike conditions of lifetime supervision." *See Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990).

14-19149

imprisonment as required by NRS 34.724. *See Coleman v. State*, 130 Nev. ___, ___, 321 P.3d 863, 867 (2014). Therefore, because Adams did not meet the imprisonment requirement of NRS 34.724, he was not eligible for post-conviction habeas relief. *See id.* For this reason, we affirm the decision of the district court to deny the petition.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

---

[2]Although the district court incorrectly addressed the procedural bars, we nevertheless affirm because the district court reached the correct result in denying the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason).

[3]Adams's fast-track statement fails to comply with the Nevada Rules of Appellate Procedure because it does not contain 1-inch margins on all four sides, it is not double-spaced, and the footnotes are not in the same size font as the body of the brief. *See* NRAP 32(a)(4)-(5). Counsel for Adams is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. David B. Barker, District Judge
Turco & Draskovich
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A