An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EMERSON JOINER, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61889

FILED

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying appellant Emerson Joiner, Jr.'s post-conviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Joiner filed a petition on August 24, 2012, challenging the sentence and conditions of lifetime supervision in district court case number C217917.  On appeal, Joiner argues that the district court erred in denying his petition as procedurally barred and on the merits of the claims.  We note, however, that at the time Joiner filed his petition in the district court, he had expired his sentence of imprisonment and was subject only to lifetime supervision.  A person on lifetime supervision may not file a post-conviction petition for a writ of habeas corpus because he is

_____

[1]Joiner labeled his petition alternatively a "motion to strike conditions of lifetime supervision."  To the extent that he attempts to appeal the denial of this motion, we lack jurisdiction because no statute or court rule permits an appeal from an order denying a "motion to strike conditions of lifetime supervision."  *See Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990).

SUPREME COURT
OF
NEVADA

(O) 1947A

14- 19247

not under a sentence of death or imprisonment as required by NRS 34.724. *See Coleman v. State*, 130 Nev. ___, ___, 321 P.3d 863, 867 (2014). Therefore, because Joiner did not meet the imprisonment requirement of NRS 34.724, he was not eligible for post-conviction habeas relief. *See id.* For this reason, we affirm the decision of the district court to deny the petition.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[2]Although the district court incorrectly addressed the procedural bars and merits of the claims, we nevertheless affirm because the district court reached the correct result in denying the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason).

[3]Joiner's counsel has filed two motions for leave to amend or supplement the fast track statement and response with recent relevant authority that supports his claims that his lifetime supervision conditions are unconstitutional. Because we do not reach the merits of Joiner's challenges to his sentence of lifetime supervision, we deny the motions to supplement his fast track statement with authority and argument related to those issues.

cc: Hon. James M. Bixler, District Judge
Turco & Draskovich
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk