An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY BLANCHARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62668

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Anthony Blanchard filed a petition on January 11, 2012, challenging the sentence and conditions of lifetime supervision in district court case number C223689. On appeal, Blanchard argues that the district court erred in denying his petition as procedurally barred and on the merits of the claims. We note, however, that at the time Blanchard filed his petition in the district court, he had expired his sentence of imprisonment and was subject only to lifetime supervision. A person on lifetime supervision may not file a post-conviction petition for a writ of habeas corpus because he is not under a sentence of death or imprisonment as required by NRS 34.724. *See Coleman v. State*, 130 Nev. ___, ___, 321 P.3d 863, 867 (2014). Therefore, because Blanchard did not meet the imprisonment requirement of NRS 34.724, he was not eligible for

14 -19241

post-conviction habeas relief. *See id.* For this reason, we affirm the decision of the district court to deny the petition.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ *Pickering* ___, J.
Pickering

_____ ___, J.
Parraguirre

_____ ___, J.
Saitta

cc:  Hon. Douglas W. Herndon, District Judge
     Turco & Draskovich
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[1]Although the district court incorrectly addressed the procedural bars and merits of the claims, we nevertheless affirm because the district court reached the correct result in denying the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason).