An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHAD A. GALBRAITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60567

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; J. Charles Thompson, Senior Judge.

Appellant Chad A. Galbraith filed a petition on February 9, 2012, challenging the validity of the lifetime supervision sentence and conditions in district court case number C181973. On appeal, Galbraith argues that the district court erred in denying his claims that his sentence of lifetime supervision is illegal. We note, however, that at the time Galbraith filed his petition in the district court, he had expired his sentence of imprisonment and was subject only to lifetime supervision. A person on lifetime supervision may not file a post-conviction petition for a writ of habeas corpus because he is not under a sentence of death or imprisonment as required by NRS 34.724. *See Coleman v. State*, 130 Nev. ___, ___, 321 P.3d 863, 867 (2014). Therefore, because Galbraith did not meet the imprisonment requirement of NRS 34.724, he was not eligible for

14-19250

post-conviction habeas relief. *See id.* For this reason, we affirm the decision of the district court to deny the petition.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc: Chief Judge, Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Turco & Draskovich
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Although the district court incorrectly reached the merits of the claims in the petition, we nevertheless affirm for the reason discussed above. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason).