An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK MILFORD PECK,
Appellant,
vs.
GLEN WHORTON,
Respondent.

No. 64510

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court dismissing a petition for a writ of habeas corpus.[1]  First Judicial District Court, Carson City; James E. Wilson, Judge.

On October 10, 2006, appellant filed a proper person petition for a writ of habeas corpus challenging a prison disciplinary hearing, which resulted in a finding of guilt for unauthorized use of the mail (MJ 31) and the forfeiture of 30 days of credit.  The State filed a response on March 15, 2007, and appellant filed a reply on March 28, 2007.  No further action was taken in this case until May 10, 2013, when the State filed a motion to dismiss for want of prosecution.  On November 12, 2013, the

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19290

district court dismissed the petition without prejudice because the petition was not "brought to trial" within 5 years as required by NRCP 41(e).

We conclude that the district court erred in dismissing appellant's petition pursuant to NRCP 41(e). There is no requirement under NRS Chapter 34 for a petitioner to take further action after the filing of the petition. Rather, NRS Chapter 34 places the obligation on the district court to take the next action. *See, e.g.*, NRS 34.740 (requiring the clerk of the court to present the original petition promptly to a district judge); NRS 34.745(1) (requiring the district judge to determine whether an evidentiary hearing is required after reviewing the return, answer, and all supporting documents which are filed).

We nevertheless affirm the dismissal of the petition because appellant failed to demonstrate a violation of due process in connection with the prison disciplinary hearing. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason). In his petition, appellant claimed that the rule he violated did not specify what constitutes prohibited or unauthorized use, his behavior did not constitute an offense, and the disciplinary hearing officer was biased because he was a personal friend of a correctional officer who was disciplined based on an investigation initiated by appellant. Appellant failed to demonstrate a violation of due process because he did not allege that he was deprived of advance written notice of the charges, a written statement of the evidence relied upon and the reasons for disciplinary action, or a qualified right to call witnesses and present evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). The record indicates that some evidence supports the

decision by the prison disciplinary hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and appellant failed to demonstrate that the hearing officer was not impartial. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. James E. Wilson, District Judge
Frank Milford Peck
Attorney General/Carson City
Carson City Clerk