An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROGER RAPHAEL BROWN,
Appellant,
vs.
JACK PALMER, WARDEN,
Respondent.

No. 64703

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

Appellant filed his petition on May 18, 2011, more than one year after entry of the judgment of conviction on May 6, 2010. This court dismissed his direct appeal as untimely. *Brown v. State*, Docket No. 56204 (Order Dismissing Appeal, July 19, 2010). Appellant's petition was therefore untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1); *Gonzales v. State*, 118 Nev. 590, 594-95, 53 P.3d 901, 903-04 (2002) (holding that the prison mailbox rule does not apply in post-conviction habeas proceedings); *Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1133-34 (1998) (holding that the time for filing a post-conviction petition for a writ of habeas corpus begins to run at the filing of the judgment of conviction where no timely direct appeal was taken).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23820

Appellant claimed that he had good cause if he "pass[ed] the deadline by a couple of days" because he was in administrative segregation, did not have physical access to the law library, and had to rely on law clerks to come to his unit. Appellant failed to demonstrate cause for the delay. Appellant failed to state how long he was in administrative segregation or to demonstrate that the prison failed to provide him adequate means of accessing legal research materials or the mail. Moreover, appellant could not have demonstrated undue prejudice because his claims were not supported by specific factual allegations that, even if true and not repelled by the record, would have entitled him to relief. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____ , J.
Pickering

_____ J.
Parraguirre

_____ , J.
Saitta

---

[2]The district court improperly reached the merits of appellant's claims. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory."). We nevertheless affirm the district court's decision for the reasons stated above. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason).

cc: Hon. Lidia Stiglich, District Judge
Roger Raphael Brown
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A