An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON EDWARD ELIASON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64782

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY____S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of assault with a deadly weapon. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant Jason Edward Eliason contends that the district court erred by granting the State's motion in limine and admitting evidence that he possessed a knife approximately 10 days prior to the instant offense which matched the victim's description of the knife brandished during the assault. Eliason claims that testimony regarding his knife possession amounted to improper propensity evidence and was admitted in violation of NRS 48.045(2). Additionally, despite his concession that trial counsel objected to the giving of a limiting instruction pertaining to the knife-possession evidence, Eliason contends that the district court erred by not sua sponte providing the jury with a limiting instruction prior to deliberations. We disagree with Eliason's contentions.

A district court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Here, the district court determined that the evidence in question implicated a prior bad act but that the factors for

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23775

admissibility were met. *See Tinch v. State*, 113 Nev. 1170, 1176, 946 P.2d 1061, 1064-65 (1997), *modified by Bigpond v. State*, 128 Nev. ___, ___, 270 P.3d 1244, 1249-50 (2012). The district court also agreed to provide the jury with a limiting instruction prior to the admission of the evidence and again before deliberations. *See Tavares v. State*, 117 Nev. 725, 733, 30 P.3d. 1128, 1133 (2001), *modified by Mclellan*, 124 Nev. at 270, 182 P.3d at 111. We agree with the State that the evidence in question *did not* implicate a prior bad act and was admissible independent of NRS 48.045(2) and *Tinch*, and that a limiting instruction was not required. Therefore, we conclude that the district court reached the right result, albeit for the wrong reason, in granting the State's motion in limine and admitting the knife-possession evidence. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal."). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____*Pickering*_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. Janet J. Berry, District Judge
     Washoe County Public Defender
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk

