An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

AARON K. DANIELS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64193

FILED

NOV 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant was initially convicted, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, conspiracy to commit robbery, robbery with the use of a deadly weapon, and kidnapping with the use of a deadly weapon. On direct appeal, this court reversed appellant's murder conviction due to errors in the jury instructions, but affirmed the remaining convictions. *Daniels v. State*, Docket No. 44071 (Order Affirming in Part, Reversing in Part, and Remanding, November 29, 2006). Upon remand, the district court filed an amended judgment of conviction on June 28, 2007, vacating appellant's murder conviction. The

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37410

State then filed an amended information to recharge appellant with murder and the matter was set for trial.

Appellant subsequently filed a post-conviction petition for a writ of habeas corpus in the district court on February 2, 2012, claiming that a retrial of the murder charge would violate his right against double jeopardy.[1] Pursuant to NRS 34.720, a post-conviction petition for a writ of habeas corpus is available to request "relief from a judgment of conviction or sentence in a criminal case" or challenge "the computation of time" a petitioner has served. Moreover, only a "person convicted of a crime" may "file a postconviction petition for a writ of habeas corpus to obtain relief from the conviction or sentence." NRS 34.724(1). Appellant acknowledges that he did not challenge a judgment of conviction, just the State's ability to again seek a conviction for the murder charge. By raising this claim, appellant did not attempt to challenge a judgment of conviction or the computation of time served. Accordingly, appellant did not raise a claim within the scope of a post-conviction petition for a writ of habeas corpus.

---

[1]We note that this court has already denied appellant's claim that the Double Jeopardy Clause barred any retrial of the murder charge. *Daniels v. Eighth Judicial Dist. Court*, Docket No. 62541 (Order Denying Petition, May 14, 2014).

*See McConnell v. State*, 125 Nev. 243, 247, 212 P.3d 307, 310 (2009). Therefore, the district court properly denied the petition.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Douglas W. Herndon, District Judge
Law Office of Betsy Allen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]The district court also denied the petition as procedurally barred pursuant to NRS 34.726, but that statute was not applicable to this petition as appellant did not challenge the validity of a judgment of conviction. However, the district court reached the right result in denying the petition and we therefore affirm the district court's order. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).