# IN THE SUPREME COURT OF THE STATE OF NEVADA

DELJUAN MARKE GOODLOW,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67527

FILED

MAR 1 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon, burglary, and invasion of the home. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

First, appellant Deljuan Goodlow contends that the district court erred by denying his fair-cross-section challenge to the jury venire. To demonstrate a fair-cross-section violation, a defendant must show: (1) the group alleged to be excluded is a distinctive group in the community; (2) the representation of the group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) the underrepresentation is due to systematic exclusion in the jury-selection process. *Williams v. State*, 121 Nev. 934, 940, 125 P.3d 627, 631 (2005). When resolving this challenge, the district court made several comments which suggested that it might be considering factors other than the three identified above. Goodlow did not object to the comments and therefore it is difficult to place them in context. But even assuming that the district court erroneously considered additional factors, we conclude that no relief is warranted. We reject

16-08474

Goodlow's contention that this claim implicates structural error. *See Cortinas v. State*, 124 Nev. 1013, 1024, 195 P.3d 315, 322 (2008) (explaining the narrow circumstances where a district court commits structural error).[1] Instead, we will affirm if the district court reached the right result, *see Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970), which it did here because Goodlow failed to satisfy the second and third elements of the challenge. Although Goodlow asserts that he was prevented from satisfying these elements because the district court did not hold an evidentiary hearing, he did not request a hearing nor allege sufficient facts to warrant a hearing under the circumstances. *See Cortes v. State*, 127 Nev., Adv. Op. 44, 260 P.3d 184, 187-88 (2011); *see also Williams*, 121 Nev. at 940, 125 P.3d at 631. Therefore, we conclude that no relief is warranted on this claim.

Second, Goodlow contends that the district court abused its discretion by denying his motion to sever his trial from his codefendant's because they had antagonistic defenses. *See Marshall v. State*, 118 Nev. 642, 646-47, 56 P.3d 376, 379 (2002) (explaining that this court will not reverse a district court's decision regarding joinder absent an abuse of discretion). We disagree. Goodlow testified and raised several defenses at trial, but the crux of his defense was that the encounter with the victim

---

[1]Goodlow's reliance on *Buchanan v. State*, 130 Nev., Adv. Op. 82, 335 P.3d 207 (2014), is misplaced because *Buchanan* holds "when a defendant moves the court to strike a jury venire, *and the district court determines that an evidentiary hearing is warranted*, it is structural error for the district court to deny the defendant's challenge before holding that hearing to determine the merits of the motion." (emphasis added). We reject Goodlow's request to extend *Buchanan*.

started before he arrived and his codefendant fired the fatal shot. Goodlow's codefendant did not testify at trial or present any witnesses but argued in closing that he was guilty of second-degree murder. We are not convinced that these defenses qualify as antagonistic. *See, e.g., Butler v. State*, 797 S.W.2d 435, 437 (Ark. 1990) (discussing antagonistic defenses). Regardless, "antagonistic defenses are a relevant consideration but not, in themselves, sufficient grounds for concluding that joinder of defendants is prejudicial." *Marshall*, 118 Nev. at 648, 56 P.3d at 379. Instead, an appellant "must show that the joint trial compromised a specific trial right or prevented the jury from making a reliable judgment regarding guilt or innocence." *Id.* at 648, 56 P.3d at 380. Goodlow fails to make that showing. Therefore, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Scott N. Freeman, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk