# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES CLINTON NEWTON, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72387

FILED

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY.
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Senior Judge.

Appellant Charles Newton argues that the district court erred in rejecting what appears to be a challenge to the computation of time served.[2]  At the time that Newton committed the offense in this case (C313869), he was on probation in another case (C308535).  Consistent with the parties' plea negotiations in this case, the sentencing court imposed a sentence of 19 to 50 months in prison and ordered that the

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary.  NRAP 46A(c).  This appeal therefore has been submitted for decision based on the pro se brief and the record.  *See* NRAP 34(f)(3).

[2]Newton also asserted below that he must be released because the Nevada Revised Statutes do not include enacting clauses.  The district court rejected that argument.  Newton does not press the issue on appeal. We nonetheless note that this claim lacks merit because the Statutes of Nevada contain the laws with the enacting clauses required by the Nevada Constitution, and the Nevada Revised Statutes simply reproduce those laws as classified, codified, and annotated by the Legislative Counsel consistent with NRS 220.120.  *See* NRS 220.170(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

17-19890

sentence be served concurrently with the sentence in the other case (C308535). Newton appears to believe that the Nevada Department of Corrections (NDOC) is improperly treating the sentence imposed in this case (C313869) as the controlling sentence instead of the sentence imposed in the other case (C308535). We disagree.

NRS 213.1213(1) provides that when a prisoner is serving concurrent sentences, "eligibility for parole from any of the concurrent sentences must be based on the sentence which requires the longest period before the prisoner is eligible for parole." Because Newton started serving the sentence in the other case (C308535) before he was sentenced in this case, the sentence in this case could be served concurrently only with the unexpired portion of the sentence in the other case. As a result, it appears that the sentence in this case is the one that requires the longest period before Newton is eligible for parole. As such, it would be the "controlling" sentence for parole eligibility. According to Newton's pleadings, that is how NDOC is treating the sentences. We therefore conclude that the district court reached the correct result in rejecting Newton's challenge to the computation of time served. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Joseph T. Bonaveture, Senior Judge
Charles Clinton Newton, Jr.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A