# IN THE SUPREME COURT OF THE STATE OF NEVADA

RYAN E. HADLEY,
Appellant,
vs.
HAROLD WICKHAM, WARDEN,
Respondent.

No. 72744

FILED

NOV 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Ryan E. Hadley argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). We recently held in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017), that credits earned under NRS 209.4465 apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility.

Hadley was convicted of second-degree murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon based on conduct that occurred in 1998. He was sentenced to serve two consecutive terms of 10-25 years in prison for the murder conviction and two consecutive terms of 8-20 years for the attempted murder conviction, with the sentences for both offenses to be served concurrently. Hadley has

17-37785

discharged the concurrent sentences for the primary offenses and is now serving the two concurrent weapon enhancement sentences.

Because Hadley is serving two concurrent sentences, his eligibility for parole from either of the sentences is "based on the sentence which requires the longest period before [he] is eligible for parole." NRS 213.1213(1). The sentence for the weapon enhancement related to the murder conviction requires the longest period before Hadley is eligible for parole—10 years. Hadley therefore is not eligible for parole from the concurrent sentences until he has served the minimum term on the sentence for the weapon enhancement related to the murder. As to that sentence, the sentencing statutes expressly required that Hadley serve the minimum term before he is eligible for parole. *See* NRS 193.165 (1995) (providing that sentence for weapon enhancement must be equal and consecutive to sentence imposed for primary offense); NRS 200.030(5) (providing that person convicted of second-degree murder shall be punished by imprisonment for "life with the possibility of parole, with eligibility for parole beginning when a minimum of 10 years has been served" or "a definite term of 25 years, with eligibility for parole beginning when a minimum of 10 years has been served"). Therefore, pursuant to the exception set forth in NRS 209.4465(7)(b) (1997), the credits Hadley earns under NRS 209.4465 *cannot* be applied to his parole eligibility on the concurrent sentences that he is serving.[1] *See Williams*, 133 Nev., Adv. Op.

---

[1] For the same reason, Hadley would not have been entitled to have credits applied to his parole eligibility on the concurrent sentences for the primary offenses. And, contrary to the suggestions in Hadley's brief, the parole board was not required to afford him parole on the murder sentence or the related weapon enhancement after he served the required minimum

 

at 5-10. Accordingly, although some of the analysis in the district court's order conflicts with *Williams*, we nonetheless affirm the order because the district court reached the correct result in denying the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (stating that an order that reached the correct result will not be reversed simply because it is based on the wrong reason). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. James Todd Russell, District Judge
     Ryan E. Hadley
     Attorney General/Carson City
     Carson City Clerk

---

term. He merely became *eligible* for parole after serving the required minimum term.