# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD JAMES LEWIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73566

FILED

JUN 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

Appellant was convicted of first-degree murder, and this court affirmed his judgment of conviction on direct appeal. *Lewis v. State*, Docket No. 63088 (Order of Affirmance, March 11, 2015). Appellant then filed a pro se postconviction petition for a writ of habeas corpus on March 15, 2016, and a supplemental petition on April 29, 2016.[1] The district court appropriately exercised its discretion under NRS 34.750(1) and appointed

---

[1]This supplemental petition was labeled as a second petition, but the district court correctly construed it as a supplemental petition.

18-22896

postconviction counsel to assist appellant in litigating his petition. Postconviction counsel filed a supplemental petition on February 28, 2017. The district court denied the petition and its supplements without conducting an evidentiary hearing. Appellant contends that the district court erred.

We conclude that reversal is warranted. The district court's order does not mention the claims raised in the pro se petition filed on March 15, 2016.[2] The order also incorrectly denies appellant's ineffective-assistance-of-counsel claims on the ground that they could have been raised on direct appeal. *Cf. Evans v. State*, 117 Nev. 609, 622, 28 P.3d 498, 507–08 (2001) (holding that ineffective-assistance claims are generally inappropriately raised on direct appeal and "are properly presented in a timely, first post-conviction petition for a writ of habeas corpus").[3] Accordingly, we reverse and remand for the district court to consider all of the claims appropriately raised in the petition and its supplements below. The district court shall determine in the first instance whether an evidentiary hearing is warranted. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (holding that an evidentiary hearing is warranted when a petition presents specific facts, such as names of

---

[2]This may have been because the claims raised in appellant's pro se petitions were not well-pleaded, and appellant's appointed postconviction attorney, Edward Reed, did not assist appellant in cogently pleading them, yet asked that they be considered.

[3]The State concedes that this conclusion was erroneous, but argues that this court should affirm because the district court reached the correct result even if for the wrong reasons. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970). We decline to do so under the circumstances.

witnesses and sources of evidence, that are not belied or repelled by the record and would warrant relief if true). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Barry L. Breslow, District Judge
       Edward T. Reed
       Robert Bell
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk