# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUSTIN ODELL LANGFORD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77262

FILED

APR 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a petition for genetic marker analysis.[1] Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Appellant argued that genetic marker testing of the comforter and bedding recovered from the room in which the minor victim alleged that appellant raped her would be exculpatory because the tests would not confirm the victim's presence. The district court denied appellant's petition as an untimely request for postconviction discovery. We affirm but on different grounds.

The record belies appellant's contention that DNA testing would be exculpatory. Appellant was convicted of lewdness with a child under the age of 14 for ejaculating on the victim's face in the shower. As such, whether the victim's DNA was not present on bedding in a different room is not exculpatory to appellant's conviction. Further, the absence of

_____

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-16054

the victim's DNA would not impeach the victim's account where she testified that the sexual abuse in the bedroom occurred on a towel placed on the bed and DNA evidence recovered from the towel seized from appellant's bedroom indicated the presence of semen and contained a mixture of DNA from two contributors, matching appellant's and the victim's profiles to an identity threshold. Appellant has not shown that he was entitled to genetic marker testing because he has not shown a reasonable possibility that he would not have been prosecuted or convicted had a genetic marker analysis been performed, that he requested and his counsel refused to seek a genetic marker analysis at trial, or that the district court ordered a genetic marker analysis of this evidence that was not actually performed. *See* NRS 176.09183(1)(c). The district court therefore reached the correct result in denying appellant's petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason).

Appellant also argues that the district court erroneously denied his motion to extend the prison copy work limit. Appellant's reliance on NDOC AR 722 to transfer funds between trust accounts is misplaced, and appellant has not shown that the district court abused its discretion. *See Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.     _____, J.
Pickering                          Cadish

cc:     Hon. Joseph Hardy, Jr., District Judge
        Justin Odell Langford
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk