# IN THE SUPREME COURT OF THE STATE OF NEVADA

COREY B. JOHNSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83727

**FILED**

AUG 1 1 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.[1] Appellant Corey B. Johnson challenges the revocation of parole and the computation of his credits.

Johnson first argues that the district court violated his right to due process when it did not timely hold a preliminary inquiry on his parole revocation. He argues that he was arrested on April 16, 2020, and that a hearing was untimely held on May 21, 2020. "Parole and probation revocations are not criminal prosecutions; the full panoply of constitutional protections afforded a criminal defendant does not apply." *Anaya v. State,* 96 Nev. 119, 122, 606 P.2d 156, 157 (1980). Due process in such an instance requires that a preliminary inquiry into probable cause for revocation be held "as promptly as convenient after arrest while information is fresh and sources are available." *Morrissey v. Brewer,* 408 U.S. 471, 485 (1972). NRS 213.1511 states the inquiry generally must be held "within 15 *working* days

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

22-25193

after the arrest." NRS 213.1511(3) (emphasis added). In the time period between April 1 and June 30, 2020, however, the Governor's Emergency Directive 009 (Revised) tolled the time to commence a legal action by 30 days where that limit is set by statute or regulation. Emergency Directive 009 (Revised) (April 1, 2020), § 1-2 (giving effect to the directive and providing that "[a]ny specific time limit set by state statute or regulation for the commencement of any legal action is hereby tolled from the date of this Directive until 30 days from the date the state of emergency declared on March 12, 2020 is terminated"); *see also* Emergency Directive 026 (June 29, 2020), § 5 (terminating Emergency Directive 009 (Revised) effective June 30).

The violation report indicates that Johnson was arrested on April 16, 2020. But for the emergency tolling, the hearing should have been held by May 7, 2020. *See* NRS 241.015(8) (providing that "'[w]orking day' means every day of the week except Saturday, Sunday and any day declared to be a legal holiday pursuant to NRS 236.015" for purposes of Nevada's Open Meeting Law); *Williams v. Clark Cty. Dist. Att'y*, 118 Nev. 473, 487, 50 P.3d 536, 545 (2002) (Rose, J., concurring in part and dissenting in part) (distinguishing "working days" from all calendar days and urging that "working" must not be made surplusage). Due to Emergency Directive 009 (Revised), the preliminary inquiry was required to be held by Monday, June 8. *See* NRAP 26(a)(1) (stating rules for computing time where the method for counting time is not specified). The summary of the hearing officer's inquiry and disposition indicates that the inquiry was timely held on May 10, 2020. The district court neglected to count the working days or consider the emergency tolling in concluding that the deadline in NRS 213.1511(3) was satisfied. Nevertheless, the district court reached the correct

disposition in concluding that the preliminary inquiry was not untimely. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (affirming a decision reaching the correct result, albeit on an incorrect basis).

Johnson next argues that his right to due process was violated when he did not receive notice of the preliminary inquiry, denying him the opportunity to obtain counsel or present witnesses or supporting documentation. Due process protections for parole revocations require a parolee to be provided with notice; the evidence against him; a neutral arbiter; and opportunities to speak at the hearing, obtain counsel, present supporting documents, and confront adverse witnesses. *See* NRS 213.1513; *Morrissey*, 408 U.S. at 485-87. The record shows that Johnson received a copy of his violation report stating the alleged violation of his parole, specifically that he absconded, and that he received notice of the preliminary inquiry. The record further shows that Johnson wanted to call an inmate witness who could not be located and otherwise did not have supporting evidence or witnesses to present. The record does not show that Johnson was deprived of opportunities to obtain counsel or present supporting evidence. The district court therefore did not err in concluding that Johnson's right to due process was not violated in this regard.

Lastly, Johnson argues that the district court erroneously found that he absconded from parole and thus erroneously applied a statute in concluding that he was not eligible to receive credits for the period of absconding. He argues that he had been reinstated to parole and accordingly could not be deemed to be an escapee, which may only apply to inmates. The record shows that Johnson was reinstated to parole on June 25, 2019; was subject to supervision under NRS 213.124; absconded from supervision on August 22, 2019; and accordingly violated the conditions of

his parole. Regardless of whether Johnson could assert his status as a parolee as a defense to a charge of escape, *cf.* NRS 212.095, being a parolee is a condition precedent, not a defense, to revocation of parole. And Johnson did not demonstrate any error in the computation of his credits. *See* NRS 213.15185(1), (4) (providing that a parolee who has absconded does not receive credit on his or her sentence for that period of absconding). The district court therefore did not err in this regard.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Parraguirre

_____, J.                 _____Sr.J.
Silver                                               Gibbons

cc:    Hon. Joseph Hardy, Jr., District Judge
       Corey B. Johnson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.