An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAIMON MONROE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65827

**FILED**

OCT 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant argues that the district court erred in denying his claim of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that trial counsel was ineffective because he failed to investigate and challenge a photograph of a search warrant. Appellant claims that the photograph of the search warrant lying on his

SUPREME COURT
OF
NEVADA

(O) 1947A

15 - 31604

coffee table was taken as long as a year after the search was conducted. Appellant fails to demonstrate deficiency or prejudice. Appellant's brief is devoid of any citation to the appendices, in clear violation of NRAP 28(a)(9)(A), and we are unable to find in the appendices any reference to a photograph of a search warrant. Appellant's claim is bare insofar as he fails to allege what investigation counsel could have performed that would demonstrate when the alleged photograph was taken. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

Moreover, appellant fails to demonstrate a reasonable probability of a different outcome had counsel investigated. Appellant concedes that he has been unable to prove that the alleged photograph was taken well after the search was conducted. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). And appellant's reliance on NRS 47.250(4), which provides for a rebuttable presumption "[t]hat higher evidence would be adverse from inferior being produced," is unavailing where he does not allege that the State actually possessed what appellant claims would have been the best evidence (a photograph of the police physically handing appellant the warrant). *See Langford v. State*, 95 Nev. 631, 637, 600 P.2d 231, 235-36 (1979).

Appellant also takes issue with specific findings of the district court. First, he argues that the district court erred in failing to determine whether counsel had conducted an appropriate investigation into the search warrant before it concluded that counsel's performance was reasonable. Appellant's claim is belied by the record, as the district court did not evaluate counsel's performance but rather held only that the claim was barred by the doctrine of the law of the case. Second, appellant argues that the district court erred in denying his claim as being barred by

the doctrine of the law of the case. Appellant is correct that his claim is not barred by the law of the case, but we nevertheless affirm the district court's decision for the reasons stated above. *See Wyatt v. State,* 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Eighth Judicial District Court Dept. 20
Law Office of Michael H. Schwarz
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk