# IN THE SUPREME COURT OF THE STATE OF NEVADA

HUGO ISRAEL CAHUEC,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70451

JUN 1 5 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Hugo Israel Cahuec's May 29, 2013, postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Cahuec was convicted pursuant to a guilty plea of a December 2003 sexual assault of a child under 14 years of age and first-degree kidnapping. He contends that the district court erred in concluding that he had not demonstrated actual innocence so as to overcome the procedural bars that apply to his petition. We affirm.

This court previously concluded that Cahuec's petition is procedurally barred absent a demonstration of actual innocence. *Cahuec v. State*, Docket Nos. 64393, 64685 (Order of Reversal and Remand in No. 64393 and Order of Affirmance in No. 64685, January 29, 2015). This court further concluded that, if credible, the victim's 2013 declarations stating that Cahuec never sexually penetrated her could establish his actual innocence of both crimes. *Id.* This court thus remanded for an evidentiary hearing as to whether the victim was credible.[1] *Id.* On

---

[1]At the same time, this court concluded that the victim's declarations were not recantations of her prior statement to police or
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

17-19884

remand, the district court held a four-day evidentiary hearing and denied the petition as procedurally barred. Cahuec appeals.

To demonstrate actual innocence after pleading guilty, Cahuec had to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)) (internal quotation marks omitted); *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). A credible claim of actual innocence requires "new *reliable* evidence." *Schlup*, 513 U.S. at 324 (emphasis added). Cahuec's new evidence is the victim's declarations, which are put into context by a 2013 interview of the victim as well as her testimony at the evidentiary hearing on the petition. While the declarations are unequivocal, the victim's interview and evidentiary-hearing testimony demonstrate that her recollections are not reliable. Not only did the victim testify that she has "a horrible memory," but her interview and testimony are replete with examples of her inability to independently recall events both significant and insignificant, including those that led to Cahuec's conviction.

---

*...continued*
preliminary-hearing testimony and that Cahuec could not have discovered the contents of the victim's declarations with the exercise of reasonable diligence. *Id.* These holdings are the law of the case. *See Hall v. State*, 91 Nev. 314, 315-16 535 P.2d 797, 798-99 (1975). Neither the district court nor the State has offered any reason to reconsider the holdings. *See Hsu v. Cty. of Clark*, 123 Nev. 625, 630-31, 173 P.3d 724, 728-29 (2007) (discussing exceptions to law-of-the-case doctrine). Our conclusion regarding recantation is not affected by the March 31, 2015, letter to this court explaining that Cahuec overstated an argument, because the overstatement was not related to the victim's earlier statement or testimony.

Because Cahuec failed to demonstrate that his new evidence of actual innocence is reliable, he has failed to overcome the procedural bars to deciding his claims on the merits, and we conclude the district court did not err in denying his petition as procedurally barred.[2] Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Michelle Leavitt, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]Despite the district court's reliance on recantation analysis, we nevertheless affirm its decision for the reasons stated above. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason).