# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHNNY ABBY MARQUEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76820

FILED

JAN 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Johnny Marquez asserts the district court erred by denying his claims that trial counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. Both components of the inquiry must be shown, *id.* at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review

20-03316

the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Marquez first argues that his counsel should have investigated his claims of innocence, the possibility that other family members were the perpetrators, and his mental condition and background. Sufficient evidence supports the district court's conclusion that the first two assertions were belied by the record as an "Attorney Log" submitted by Marquez with his 2010 motion seeking to dismiss counsel showed that he spoke directly with an investigator. *See Rippo v. State*, 134 Nev. 411, 429, 423 P.3d 1084, 1101 (2018). And, even if his counsel failed to investigate those two assertions, Marquez has not demonstrated how such failure prejudiced the defense. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Therefore, these arguments lack merit. The alleged failure to investigate Marquez's mental condition fails because Marquez did not point to any mental health records predating trial that support the assertion that counsel's investigation may have produced favorable evidence such that Marquez was prejudiced. *See id.*; *cf. Riley v. State*, 110 Nev. 638, 650, 878 P.2d 272, 280 (1994) (providing that a counsel's investigation at the sentencing stage is inadequate and prejudicial "[i]f mental health records indicate that a psychological evaluation may produce favorable reports" that could mitigate a sentence).

Marquez also argues that counsel should have presented mitigating evidence of any mental deficiencies at sentencing. After filing his postconviction petition, Marquez completed a forensic psychological evaluation. At the evidentiary hearing regarding this claim, the doctor who completed that evaluation and Marquez both testified. The district court thereafter determined that this claim failed for a lack of prejudice because

SUPREME COURT
OF
NEVADA

(O) 1947A

2

nothing in the doctor's or Marquez's testimony, or in the written evaluation, directly explained Marquez's criminal behavior such that it would mitigate his sentence. Sufficient evidence in the record supports this finding; at most, the evaluation and testimony showed that Marquez may have had trouble understanding court proceedings or making decisions during the case. As such, the district court did not err in denying relief on this claim.

Second, Marquez asserts that his counsel failed to properly explain two plea offers made by the State. Marquez asserted he would have accepted a plea offer had counsel properly explained the differences between the potential sentences he faced depending on whether he accepted a plea or went to trial. The district court conducted an evidentiary hearing concerning this issue wherein Marquez testified.[1] Based on the testimony provided at the evidentiary hearing, the district court found that Marquez was aware of the offers and the possible sentences they carried, but that he was worried about receiving a significant sentence if he pleaded guilty. Substantial evidence supports the district court's findings, and it therefore did not err by denying this claim. *See Lader*, 121 Nev. at 686, 120 P.3d at 1166.

Third, Marquez raises four ineffective assistance claims related to evidence admitted and arguments made during trial. He first claims ineffective assistance based on trial counsel's elicitation of testimony that Marquez refused to provide a DNA sample. But counsel elicited this testimony to support the defense theory that Marquez, a Native American, distrusted the questioning officer after the officer warned Marquez that Hispanic DNA was found during the investigation. Thus, Marquez has not

---

[1]Marquez's trial counsel passed away before the evidentiary hearing on the postconviction petition.

shown that this decision was objectively unreasonable. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (providing that strategic decisions are "virtually unchallengeable absent extraordinary circumstances" (quoting *Howard v. State*, 106 Nev. 713, 722, 800 P.2d 175, 180 (1990))). Even if counsel was deficient in that regard, Marquez has not addressed how the exclusion of this testimony would have led to a reasonable probability of a different outcome.

Marquez next claims that trial counsel was ineffective for eliciting and opening the door to testimony that Marquez invoked his right to counsel during police questioning. The record shows that Marquez's counsel elicited this testimony as support for the defense theory that Marquez distrusted the questioning officer. And, in turn, Marquez's distrust of the officer was elicited to provide a basis, other than guilt, for Marquez's refusal to give a DNA sample to that officer. That decision was not objectively unreasonable. *See id.* Even if counsel was deficient in that regard, Marquez has not addressed how the exclusion of this testimony would have led to a reasonable probability of a different outcome.

Marquez also claims that trial counsel was ineffective for eliciting and opening the door to testimony from the victim's mother that Marquez physically, emotionally, and verbally abused the mother. Marquez failed to demonstrate deficient performance. The record shows that Marquez's trial counsel told the court his strategy was to bring the victim's credibility into question, even after being warned that such questions could open the door to testimony about alleged domestic abuse, by asking the mother why she initially did not believe the victim's claims of assault. That decision was not objectively unreasonable. *See id.* And, even if counsel was deficient in pursuing that line of questioning, this court rejected Marquez's

argument on direct appeal that the exclusion of this testimony would have changed the outcome of the case such that Marquez cannot show prejudice. *Marquez v. State*, Docket No. 58568 (Order of Affirmance, Mar. 28, 2013); *see also Strickland*, 466 U.S. at 697 (providing that an ineffective-assistance-of-counsel claim fails if the defendant makes an insufficient showing under either the performance prong or the prejudice prong).

Marquez also claims ineffective assistance, relying on *Watters v. State*, 129 Nev. 886, 313 P.3d 243 (2013), based on trial counsel's failure to object to the slide show used in the State's closing argument showing verdict forms marked guilty. But the State neither used Marquez's photo nor showed the slides during opening argument as occurred in *Watters*. *See Artiga-Morales v. State*, 130 Nev. 795, 799, 335 P.3d 179, 182 (2014) (distinguishing from *Watters* based, in part, on the fact that the State presented its slides stating the defendant was "guilty" in closing, rather than opening, argument). Furthermore, a prosecutor may argue during closing argument that the State has overcome the presumption of innocence. *Morales v. State*, 122 Nev. 966, 972, 143 P.3d 463, 467 (2006) ("A prosecutor may suggest that the presumption of innocence has been overcome . . . ."). Thus, the error and prejudice found in *Watters* are not present here.

Finally, Marquez claims that trial counsel did not adequately communicate with him before trial. Marquez did not demonstrate prejudice because he failed to identify how further communication would have had a reasonable probability of altering the outcome at trial. *See Strickland*, 466 U.S. at 697. Moreover, it appears from the record that Marquez spoke and/or met with trial counsel multiple times before trial such that Marquez cannot demonstrate deficient performance. *See id.; see also Morris v.*

*Slappy*, 461 U.S. 1, 14 (1983) (holding that parties are not entitled to a meaningful relationship with counsel). Therefore, the district court did not err in denying this claim. Thus, having considered Marquez's contentions and concluded that they do not warrant relief,[2] we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, Sr. J.
Douglas

cc: Hon. Douglas Smith, District Judge
Law Office of Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We also reject Marquez's contention that cumulative error warrants reversal. And, although we resolved some of these issues on different grounds than the district court, we may affirm as long as the district court reached the correct result. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.