# IN THE SUPREME COURT OF THE STATE OF NEVADA

BARRY CHRISTOPHER ROWE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76681

**FILED**

APR 15 2020



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

Appellant filed his petition on April 14, 2017, almost eighteen years after issuance of the remittitur on direct appeal on August 10, 1999. *Rowe v. State*, Docket No. 29700 (Order Dismissing Appeal, July 15, 1999). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated two postconviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[1] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

In his petition, appellant asserted that he should receive the benefit of the 2007 amendments to NRS 193.165 (deadly weapon

---

[1]*Rowe v. State*, Docket No. 54809 (Order of Affirmance, June 9, 2010); *Rowe v. State*, Docket No. 41113 (Order of Affirmance, July 1, 2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

20-14401

enhancement). Relying on *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Montgomery v. Louisiana,* 136 S. Ct. 718 (2016), appellant argued that substantive changes in law should be applied retroactively. Appellant also challenged the jury instruction for the deadly weapon and the lack of sufficient findings by the jury that the shotgun was inherently dangerous.

In denying the petition, the district court did not address the procedural bars but instead addressed the claims for relief on the merits. This was in error.[2] *State v. Eighth Judicial Dist. Court, (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) ("Application of the statutory procedural default rules to post-conviction habeas petitions is mandatory."). Nevertheless, because the district court reached the correct result in denying the petition, we affirm for the reasons discussed below. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason).

Appellant argues that he could not have presented his claims before *Welch* and *Montgomery*. While new law may provide good cause in certain circumstances, *see Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003), *Welch* and *Montgomery* do not provide good cause here. The change to NRS 193.165 does not involve a substantive rule, *see Welch*, 136 S. Ct. at 1264-65 ("A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." (internal quotation marks omitted)), and this court has previously determined the amendment to NRS 193.165 was not of constitutional dimension and does not apply retroactively, *see State v. Second Judicial Dist. Court (Pullin)*, 124 Nev. 564, 571-72, 188 P.3d 1079, 1084 (2008). The claim relating to the jury

---

[2]Contrary to the argument in the reply brief, the State appropriately raised the procedural bars in the answering brief.

instruction has been available since the time of the conviction, and appellant has not identified any substantive change in law that has narrowed the definition of a deadly weapon since the time of appellant's offense and conviction.[3] Thus, *Welch* and *Montgomery* do not provide good cause for the jury instruction claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:  Hon. Jerome M. Polaha, District Judge
Law Office of Thomas L. Qualls, Ltd.
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[3]Appellant appears to seek a new definition of an inherently dangerous weapon that would limit the definition to those weapons designed to cause harm or death to humans. We decline this request. Contrary to appellant's arguments, the jury received an inherently-dangerous weapon instruction, and the jury found he used a deadly weapon in reaching its verdict. Appellant's reply brief presents arguments not made in the opening brief, and we decline to consider them. *See* NRAP 28(c).