# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD GRANADOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78200

FILED

JUN 25 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David M. Jones, Judge. Appellant Richard Granados argues that he received ineffective assistance of trial counsel. The district court held an evidentiary hearing and denied his petition. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432, 683 P.2d 504, 505 (1984) (adopting the *Strickland* test). The petitioner must demonstrate the underlying facts supporting the claim by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.*

20-23569

at 690. We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The district court resolved all of Granados' claims by a general determination that they arose from counsel's strategic decision to pursue a self-defense theory of the case. This decision was in error. Nevertheless, for the reasons discussed below, the district court reached the correct determination in denying the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Granados first argues that counsel should not have informed the jury that the defense bore the burden of proving self-defense. The record repels Granados' claim. In cross-examining the arresting officer, counsel elicited that Granados' invocation of self-defense was a matter for trial, not something resolved by the officer's rejection of it in deciding to arrest Granados. Granados has not shown that this cross-examination was objectively unreasonable. Further, Granados was not prejudiced by any confusion, as the district court immediately clarified the self-defense standard and the jury received an appropriate self-defense jury instruction. Granados thus has not shown deficient performance or prejudice. Therefore, the claim was properly denied.

Granados next argues that counsel should have discussed the State's plea offers with him more thoroughly and that he would have pleaded guilty if counsel had discussed the terms with him. The State

offered pleas to either second-degree murder with the use of a deadly weapon or two counts of second-degree murder and one count of attempted murder. Counsel testified at the evidentiary hearing that he discussed the offers at length with Granados, who declined them and was frustrated at the offers' severity. Granados' claim that he would have accepted one of the plea offers but for counsel's advice is repelled by his contemporaneous rejection of both immediately before trial after counsel stated them on the record, particularly where he testified at the evidentiary hearing that counsel urged him to accept one of the pleas. *Cf. United States v. Lefkowitz*, 289 F. Supp. 2d 1076, 1088 (D. Minn. 2003) ("[T]he fact that a defendant later regrets foregoing a plea offer and proceeding to trial is not evidence of ineffective assistance of counsel."). The district court therefore reached the correct result in denying this claim.

Granados next argues that counsel should have investigated prior violent acts committed against him by one of the victims. Granados has not shown that counsel did not investigate these acts, as counsel questioned Granados about them at trial and testified that he discussed them with him. Granados also has not shown that further investigation would have uncovered evidence leading to a reasonable probability of a different outcome, as the jury was presented with an instance of this evidence such that additional instances would be cumulative. The district court therefore reached the correct result in denying this claim.

Granados next argues that counsel should not have called Damian Hernandez to testify. Counsel testified that he called Hernandez to corroborate Granados' account that the victims had been menacing him that day. Decisions such as what witnesses to call or objections to raise are

tactical decisions that lie with counsel. *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002). "[C]ounsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances." *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (internal quotation marks omitted). Granados has not shown extraordinary circumstances warranting a challenge to counsel's performance, particularly as Hernandez's account in his police statement corroborated the relevant facts. Moreover, Granados has not shown prejudice, as the inculpatory portions of Hernandez's testimony were cumulative of other evidence. The district court therefore reached the correct result in denying this claim.

Granados next argues that counsel should have retained experts on alcohol intoxication and forensic evidence regarding the victim's truck. Deciding which witnesses to call is a tactical decision, and counsel testified he retained expert witnesses that he declined to call, having concluded that their testimony would not be useful. Granados has not shown extraordinary circumstances warranting a challenge to counsel's performance in this regard or prejudice. Other witnesses testified about the victims' intoxication and aggressiveness such that counsel was able to argue those traits without an expert. And as Granados has merely speculated that a physical forensic evidence expert would be able to determine the crashed vehicle's pre-crash speed and trajectory without showing that such a determination was possible, he has not shown that such an omission was unreasonable or prejudicial. The district court therefore reached the correct result in denying this claim.

Granados next argues that counsel should have prepared him better to testify. The decision to testify lies with the accused, *id.* at 182, 87

P.3d at 531, and Granados has not shown that counsel's preparation by discussing Granados' anticipated testimony with him beforehand was objectively unreasonable. Further, Granados has not shown a reasonable probability of a different outcome, as he alleged that he would have conveyed the same account of events with additional preparation, albeit less emotionally. The district court therefore reached the correct result in denying this claim.

Granados next argues that counsel should have challenged the State's opening-statement reference to and testimony regarding firearms not used in the offense that were recovered from the co-perpetrator's residence as more unfairly prejudicial than probative. Despite the presumption that counsel performed reasonably, Granados failed to ask any questions at the evidentiary hearing regarding counsel's decision not to object in this regard. Further, Granados has not shown prejudice, as a challenge would have failed because the testimony was relevant to rebut Granados' assertion that he was unfamiliar with firearms and not significantly prejudicial. See NRS 48.035(1). The district court therefore reached the correct result in denying this claim.

Granados next argues that counsel should have challenged testimony regarding his alleged involvement with underage girls. The relevant testimony merely established that, years earlier, Granados was interested in meeting one of the victims' sister when she was in high school and he in his twenties, apparently angering the victim. Deciding whether to object is a tactical decision, and counsel testified that he declined to object because Granados' sexual conduct was not at issue and the animosity between the families was. Granados has not shown extraordinary

circumstances warranting a challenge to this decision, particularly as it advanced the defense theory of the case. The district court therefore reached the correct result in denying this claim.

Granados next argues that counsel should have challenged the prosecutor's opening statement for several reasons. Granados has not shown deficient performance or prejudice, as the challenged statements were not improper. The statement that "I would also say that just because you're in love and if the defendant was in love with Paula, it does not give you a right to commit premeditated deliberate murder" was not an improper statement of personal opinion, but rather a statement about when a justified killing is not murder. *See Collier v. State*, 101 Nev. 473, 480, 705 P.2d 1126, 1130 (1985) (discussing the bar against a prosecutor's improper injection of personal opinion into the proceedings); *see also Jimenez v. State*, 106 Nev. 769, 772, 801 P.2d 1366, 1368 (1990) (implicitly providing that the use of the pronoun "I" does not render a statement personal opinion). Next, the prosecutor did not improperly prejudge Granados' guilt by stating that the evidence would show he did not act in self-defense; such comments are permissible. *See Watters v. State*, 129 Nev. 886, 889, 313 P.3d 243, 247 (2013) (observing that the opening statement serves to state the issues and evidence to be presented). The district court therefore reached the correct result in denying this claim.

Granados next argues that counsel should have challenged Detective Mogg's recitation of Granados' niece's police statement as hearsay. Granados has not shown deficient performance or prejudice, as an objection would have failed. Mogg's recitation was admissible as a prior inconsistent statement after the niece testified that she did not remember

the matters attested to in her police statement and was subject to cross-examination. *See* NRS 51.035(2)(a). The district court therefore reached the correct result in denying this claim.

Granados next argues that counsel should have challenged Detective O'Brien's testimony as improper expert testimony regarding the ultimate issue in the case. Alternatively, he argues that the testimony should have been challenged as more unfairly prejudicial than probative. Granados has not shown prejudice. The jury was urged through cross-examination that the determination as to whether Granados acted in self-defense was for the jury to make, not O'Brien; properly instructed on the standard for self-defense; and empowered to reach its own conclusion. In these circumstances, we are not convinced that Granados demonstrated a reasonable probability of a different outcome but for trial counsel's failure to object. The district court therefore reached the correct result in denying this claim.[1]

Granados next argues that counsel should not have conceded that the killings were "murder" during closing argument. The record repels this claim. Counsel was arguing against the State's theory of the case in the relevant portions. Granados accordingly has not shown deficient performance or prejudice. The district court therefore reached the correct result in denying this claim.

---

[1]Granados also argues that counsel should have challenged several of the preceding issues by pretrial motion. As the underlying challenges lacked merit as trial challenges, counsel was also not ineffective in omitting pretrial challenges.

Lastly, Granados argues that the cumulative effect of counsel's deficient performance warrants relief. Even assuming that multiple deficiencies in trial counsel's performance may be cumulated to demonstrate prejudice in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Granados has not demonstrated multiple instances of deficient performance to cumulate.

Having considered Granados' contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. David M. Jones, District Judge
       Law Office of Christopher R. Oram
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk