# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEE REED,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79553

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Cristina D. Silva, Judge. The district court denied appellant Lee Reed's postconviction habeas petition without an evidentiary hearing. We affirmed in part, reversed in part, and remanded, concluding that the district court should have held an evidentiary hearing on Reed's claim that trial counsel should have objected to the district court's failure to swear the jury venire. After holding an evidentiary hearing, the district court again denied relief on remand. We affirm.

To demonstrate ineffective assistance of trial counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be

20-34465

shown, *Strickland*, 466 U.S. at 697. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong, but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Reed argues that trial counsel should have objected when the trial court failed to administer the jury oath required by NRS 16.030(5), which constitutes structural error pursuant to *Barral v. State*, 131 Nev. 520, 525, 353 P.3d 1197, 1200 (2015). While structural errors generally warrant automatic reversal when the issue was preserved at trial and raised on direct appeal, a petitioner raising an ineffective-assistance-of-counsel claim based on trial counsel's failure to preserve a structural error must demonstrate prejudice. *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1910 (2017); *see also id.* at 1911 (analyzing whether prejudice was established by showing either a reasonable probability of a different outcome or fundamental unfairness). Substantial evidence supports the district court's findings that there were no abnormalities in the juror selection process; that both parties thoroughly examined the prospective jurors, who were repeatedly asked if they could be fair and impartial; and that trial counsel testified that, had the oath been administered, he would have questioned the prospective jurors the same way and selected the same jurors. Further, Reed does not allege any evidence of bias or partiality regarding any juror who was empaneled. *Cf. Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996) (concluding that defendant is not entitled to relief from limitation of voir dire if impaneled jury is impartial). Accordingly, Reed has shown neither a reasonable probability of a different outcome based on counsel's omission nor fundamental unfairness. *See Weaver*, 137 S. Ct. at 1913 (finding no fundamental unfairness where there was "no suggestion

that any juror lied during *voir dire*; no suggestion of misbehavior by the prosecutor, judge, or any other party; and no suggestion that any of the participants failed to approach their duties with the neutrality and serious purpose that our system demands").[1] The district court therefore did not err in denying this claim.

Reed next argues that appellate counsel should have challenged the trial court's omission of the jury oath. We remanded to the district court solely for an evidentiary hearing on Reed's claim that trial counsel should have objected. *Reed v. State*, Docket No. 69894 (Order Affirming in Part, Reversing in Part and Remanding, November 15, 2017). Reed's underlying petition did not include a challenge to appellate counsel's effectiveness on this issue, and our remand thus cannot be interpreted to open the door to this new claim. Where an appellate court remands for consideration of a specific issue, the district court may not consider new issues raised for the first time on remand. 5 Am. Jur. 2d Appellate Review § 687; *see Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (providing that a district court may not vary from the appellate court's mandate on remand); *State Eng'r v. Eureka Cnty.*, 133 Nev. 557, 559, 402 P.3d 1249, 1251 (2017) (citing *Stacy* and providing that a district court must comply with the appellate court's mandate on remand). Deviation from the remand's mandate is error. *Stacy*, 825 F.3d at 568. Reed's challenge to appellate counsel's representation on this issue was outside the scope of the remand. The district court therefore reached the correct outcome when it denied Reed's claim as untimely and procedurally barred. *Cf. Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341

---

[1]*Weaver* further observed that the trial court was deprived of the opportunity to cure its error when a petitioner first challenges a courtroom closure in an ineffective-assistance claim. 137 S. Ct. at 1912.

(1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Having considered Reed's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Cristina D. Silva, District Judge
       Gaffney Law
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk