IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT MORRIE HAYES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78863

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant argues that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice such that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that trial counsel should have called Dr. Chambers as a psychological expert at trial to explain the victim's

inconsistencies and possible motive to fabricate the allegations against appellant. At the postconviction evidentiary hearing, trial counsel testified that he had preliminary discussions with Dr. Chambers about appellant's case but ultimately decided not to use the doctor's testimony. Counsel explained that, while he had called the doctor as a witness in other cases, he believed the testimony would be too subjective and would not help given the facts and circumstances of appellant's case. Additionally, counsel was reticent to put an expert on the stand who did not have personal knowledge of the victim, especially in a case like appellant's where the victim's credibility was a crucial issue. Ultimately, after consulting with the doctor and considering the relevance of the testimony, counsel testified that it was his strategic decision not to call Dr. Chambers to testify at appellant's trial, a type of strategic decision this court has recognized as "virtually unchallengeable absent extraordinary circumstances." *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 281 (1996) (internal quotation marks omitted). There is nothing in the record demonstrating such extraordinary circumstances, and we conclude appellant has not shown that trial counsel was deficient in deciding not to call Dr. Chambers to testify.

Additionally, appellant has not shown a reasonable probability of a different outcome had Dr. Chambers testified. Trial counsel cross-examined the victim regarding various inconsistencies, presented numerous witnesses challenging or contradicting the victim's testimony, and the jury acquitted appellant of three charges. At the postconviction evidentiary hearing, Dr. Chambers testified that, had he been called as a witness, he would not have been able to conclude with any reasonable degree of certainty whether the victim's allegations were true and he would not have opined as to the victim's truthfulness. Additionally, as to the

possibility that the victim fabricated the allegations because of problems with her parents or a breakup with her boyfriend, there was testimony at trial that the victim disclosed the abuse long before those events, and Dr. Chambers testified that information could have changed his opinion. Accordingly, the district court did not err by denying this claim.

Relatedly, appellant argues that trial counsel should have requested an independent psychological examination of the victim. We conclude appellant has not shown deficient performance or prejudice. Appellant has not shown that a psychological evaluation of the victim would have been appropriate[1] where the State did not benefit from a psychological expert, *see Abbott v. State*, 122 Nev. 715, 730, 138 P.3d 462, 472 (2006) (concluding the prosecution generally obtains benefit from a psychological expert when a witness "describes techniques used to determine truthfulness, analyzes the facts of the interview, and/or states whether there was evidence that the victim was coached or biased against the defendant"),[2] and there appears to be no reasonable basis to believe that the victim's veracity was adversely affected by her mental or emotional state given that she disclosed the abuse to her friends before the alleged mental or emotional instability. Thus, appellant has not shown a reasonable

---

[1]While the district court concluded to the contrary, we affirm because it reached the right result in denying appellant's claim. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

[2]We disagree with the district court's conclusion that the officer's testimony in appellant's case is akin to the officer's testimony in *Abbott*, wherein we concluded the officer testified as an expert. 122 Nev. at 728-730, 138 P.3d at 471-72.

probability of a different outcome at trial had trial counsel sought a psychological evaluation of the victim. Accordingly, the district court did not err in denying this claim.

Having considered appellant's claims and concluded no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Jerry A. Wiese, District Judge
The Draskovich Law Group
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk