IN THE SUPREME COURT OF THE STATE OF NEVADA

EVANS CARTER TUTT, III, A/K/A
EVANS CARTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79581

FILED

SEP 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Cristina D. Silva, Judge. Appellant Evans Carter Tutt, III argues that he received ineffective assistance of trial and appellate counsel. The district court denied his petition without an evidentiary hearing. We affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in

---

[1]Having considered Tutt's pro se brief, we conclude that a response is not necessary. NRAP 46A(c). This appeal has been submitted for decision based on the pro se brief and the record. NRAP 34(f)(3).

20-35003

*Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Tutt first claims that trial counsel should have investigated more thoroughly, spending more time with him to learn about the background of the case and becoming more familiar with the State's evidence. Tutt did not specifically allege what more investigation would have uncovered or show how it might have led to a different outcome. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Further, Tutt's bare allegation that counsel should have prepared more, without specifically identifying what was omitted, is insufficient to rebut the presumption that counsel's performance was adequate. The district court therefore did not err in denying this claim without an evidentiary hearing.

Tutt next claims that trial counsel should have developed a "mental health defense." Tutt, however, did not identify any particular mental health issue that might be relevant, describe what particular facts an expert would elucidate, or explain how this defense might have led to a different outcome at trial. Tutt accordingly has not shown deficient performance or prejudice. The district court did not err in denying this claim without an evidentiary hearing.[2]

Tutt next claims that trial counsel should have moved for an advisory verdict on the ground that the State did not prove the elements of kidnapping and child abuse. Tutt specifically alleged that movement of the victim was merely incidental to the battery and that evidence did not show that the child suffered actual physical or mental harm. Substantial evidence supports the district court's finding that Tutt moved the victim beyond that required for the battery and created a substantially greater risk of harm when he drove her to his friend's house and confined her there overnight after beating her with a handgun. Substantial evidence also supports the district court's finding that Tutt's actions placed the child in

---

[2]The district court's finding that the decision not to pursue this defense was a tactical decision is not supported by substantial evidence, as the district court reached that conclusion on the postconviction pleadings alone. *See State v. Williams*, 797 So. 2d 1235, 1239 (Fla. 2001) ("[A] trial court's finding that such a decision was tactical usually is inappropriate without an evidentiary hearing." (internal quotation marks omitted)). Nevertheless, the district court reached the correct determination in denying this claim. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

the backseat of the car in a situation where the child could suffer physical pain or mental suffering. Accordingly, a motion for an advisory verdict would have been futile. *See* NRS 200.310(1) (setting forth elements of first-degree kidnapping); NRS 200.508(1) (setting forth elements of child abuse). Tutt cannot demonstrate deficient performance or prejudice in trial counsel's omitting a meritless motion for an advisory verdict. Thus, although substantial evidence does not support the district court's finding that this omission was a strategic decision, the district court nevertheless reached the correct determination in denying this claim.

Tutt next claims that appellate counsel should have challenged the sufficiency of the evidence that supported his convictions for kidnapping and child abuse. Appellate claims on these grounds would have failed because the evidence was sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). Trial testimony established that Tutt beat the victim with a handgun while driving at high speed, refused her initial requests to stop and later requests to go to a hospital, fractured her orbital bone, and permanently impaired her vision. Testimony further established that Tutt grabbed the victim and threw her back in the car after she jumped from the moving vehicle and that he then drove her to a friend's house where she was not free to leave until the following day. The evidence presented was sufficient for a rational juror to reasonably infer that Tutt seized, confined, carried away, or detained the victim for the purpose of causing substantial bodily harm. *See* NRS 200.310(1). Testimony further established that the victim's infant child was in the backseat and began screaming when Tutt

began beating the victim and that Tutt placed the child in a situation where he was driving recklessly and beating the passenger while both screamed at each other. The evidence presented was thus also sufficient for a rational juror to reasonably infer that Tutt placed a minor child in a situation where the child could "suffer physical pain or mental suffering as the result of abuse or neglect," which includes negligent treatment of the child. *See* NRS 200.508(1), (4)(a). Tutt has not shown deficient performance or prejudice in appellate counsel's omitting futile claims. The district court therefore did not err in denying this claim without an evidentiary hearing.

Tutt next claims that appellate counsel should have argued that the unpreserved errors raised on appeal amounted to plain error. While counsel arguably should have addressed the plain error standard, Tutt was not prejudiced by counsel's omission because the Court of Appeals reviewed the claims for plain error. *See Tutt v. State*, Docket No. 69178-COA (Order of Affirmance, September 20, 2016). The district court therefore did not err in denying this claim without an evidentiary hearing.

Tutt next claims that trial and appellate counsel should have argued that the State presented knowingly false testimony and that the false testimony independently warrants relief. He also argues that trial counsel should have investigated purportedly exculpatory witnesses and bank transactions. Additionally, he argues that the district court denied him compulsory process by preventing him from subpoenaing a particular witness. Tutt did not present these claim to the district court, and we decline to address them in the first instance. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995).

Lastly, Tutt argued cumulative error. Even assuming that multiple deficiencies in counsel's performance may be cumulated to demonstrate prejudice in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Tutt has not demonstrated multiple instances of deficient performance to cumulate.

Having concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.        _____, J.
Hardesty                                          Cadish

cc:    Hon. Cristina D. Silva, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       Evans Carter Tutt, III
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A