# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALLEN STANISLOUIS HEUSNER,
Appellant,
vs.
JERRY HOWELL, WARDEN; AND
ATTORNEY GENERAL FOR THE
STATE OF NEVADA,
Respondents.

No. 80871

FILED

MAR 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge. Appellant Allen Stanislouis Heusner argues that the district court erred in denying his petition as procedurally barred. We affirm.

Heusner filed the petition eight years after remittitur issued on his direct appeal. *Heusner v. State*, Docket No. 52023 (Order of Affirmance, May 3, 2010). Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated several postconviction petitions for a writ of habeas corpus. *See* NRS 34.810(1)(b), (2); *Heusner v. State*, Docket No. 78800-COA (Order of Affirmance, March 12, 2020); *Heusner v. State*, Docket No. 70381-COA (Order of Affirmance, January 19, 2017); *Heusner v. State*, Docket No. 62055 (Order of Affirmance, November 14, 2013). Heusner's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). The district court concluded that Heusner demonstrated good cause

21-06846

based on the recent decision in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), but determined that the petition was procedurally barred because he did not demonstrate a meritorious claim based on *McCoy*. Although we conclude that *McCoy* does not provide good cause, we nevertheless affirm the district court's order because it reached the correct result in denying the petition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

Heusner argues that the Supreme Court's recent decision in *McCoy* provides good cause and warrants relief because his trial counsel conceded guilt without his informed consent. He is mistaken, as *McCoy* is distinguishable. *McCoy* holds that an attorney may not concede a defendant's guilt of a charged crime where the defendant expressly objects or insists on maintaining his or her innocence. 138 S. Ct. at 1509. *McCoy* differentiated a defendant who opposed counsel's concession from a defendant who "'was generally unresponsive' during discussions of trial strategy, and 'never verbally approved or protested'" the concession. *Id.* (quoting *Florida v. Nixon*, 543 U.S. 175, 181 (2004)). *McCoy* did not hold that a defendant must expressly consent to a concession or that a canvass must precede a concession. *See id.*; *see also Nixon*, 543 U.S. at 186-92 (rejecting notion that concession strategy requires express consent or that it is the functional equivalent of a guilty plea).[1]

Here, trial counsel conceded that Heusner committed voluntary manslaughter while arguing that the evidence did not show that Heusner was guilty of murder or the other charged offenses. During the proceedings on his first, timely petition, Heusner acknowledged that he discussed this strategy with counsel and did not object or insist on a contrary defense.

---

[1]Notably, *McCoy* did not alter the holding in *Nixon*. *McCoy*, 138 S. Ct. at 1509.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Because *McCoy* therefore is distinguishable, we need not resolve Heusner's argument that *McCoy* applies retroactively. Accordingly, Heusner has not shown that *McCoy* provides good cause. Thus, we conclude that the district court ultimately correctly applied the mandatory procedural bars. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 233, 112 P.3d 1070, 1074, 1075 (2005).

Having considered Heusner's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Chief Judge, Eighth Judicial District Court
Department 5, Eighth Judicial District Court
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk