IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL BRUCE BYNOE,
Appellant,
vs.
ISIDRO BACA, WARDEN, NORTHERN
NEVADA CORRECTIONAL CENTER;
HAROLD WICKHAM, ACTING
DIRECTOR, NEVADA DEPARTMENT
OF CORRECTIONS; AND AARON D.
FORD, ATTORNEY GENERAL OF THE
STATE OF NEVADA,
Respondents.

No. 81083

FILED

NOV 10 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge. Appellant Michael Bruce Bynoe argues that the district court erred in denying the petition as procedurally barred. We affirm.

Bynoe filed the petition more than 19 years after entry of the judgment of conviction.[1] Thus, his petition was untimely filed. *See* NRS 34.726(1). The petition was also successive because he had previously litigated a postconviction petition for a writ of habeas corpus. *See* NRS 34.810(1)(b)(2); NRS 34.810(2); *Bynoe v. State*, Docket No. 63478 (Order of Affirmance, January 15, 2014). Bynoe's petition was procedurally barred

---

[1]Bynoe did not appeal from the judgment of conviction.

SUPREME COURT
OF
NEVADA

(O) 1947A

absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Good cause may be demonstrated by a showing that the factual or legal basis for a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Further, as the State specifically pleaded laches, Bynoe was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Bynoe first argues that this court's decision in *Finger v. State*, 117 Nev. 548, 27 P.3d 66 (2001), supports a meritorious claim for relief. Bynoe pleaded guilty but mentally ill to lewdness with a child under 14 years of age in 2000 and argues that he was unconstitutionally prevented from pleading not guilty by reason of insanity, a plea option that *Finger* reinstated the following year. *Cf. id.* at 550-51, 27 P.3d at 68. We need not reach the merits of this claim because Bynoe's petition was not filed within a reasonable time after *Finger* was decided. *See Rippo v. State*, 134 Nev. 411, 422, 423 P.3d 1084, 1097 (2018) (concluding that a claim is raised within a reasonable time when the petition is filed within one year after the factual or legal basis for the claim became available).

Bynoe next argues that he has good cause because this is his first state-court habeas petition filed with the assistance of counsel. We disagree. Bynoe was not entitled to the appointment of postconviction counsel as a matter of right and thus does not show good cause on this basis. *See Brown v. McDaniel*, 130 Nev. 565, 571, 331 P.3d 867, 871-72 (2014).

Bynoe next argues that he has good cause because his mental illness precluded his filing a timely petition. Mental illness does not provide good cause. *See Phelps v. Dir., Nev. Dep't of Prisons*, 104 Nev. 656, 660, 764

P.2d 1303, 1306 (1988) (holding that a petitioner's organic brain damage and poor legal assistance from inmate law clerks did not establish good cause), *superseded by statute on other grounds as stated in State v. Haberstroh*, 119 Nev. 173, 180-81, 69 P.3d 676, 681 (2003). We decline Bynoe's request to reconsider *Phelps*.[2]

Aside from showing of good cause and prejudice, a petitioner may overcome the procedural bars by showing that failure to consider his claims would amount to a fundamental miscarriage of justice because he is actually innocent. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden,* 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Bynoe argues that he was actually innocent because he was not guilty by reason of insanity and was prevented from raising an insanity defense at the time his case would have gone to trial had he not entered a guilty plea. To show actual innocence, Bynoe had to show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. While we have not determined whether insanity constitutes actual innocence, we need not settle that issue here. *Cf. Pelligrini*, 117 Nev. at 890, 34 P.3d at 539 (noting disagreement on this question and declining to settle the issue). Even assuming that proof of

_____

[2]Bynoe's invocation of *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), is unpersuasive, as *Bills* considered whether mental illness warranted equitable tolling, *id.* at 1093, and we have rejected equitable tolling of the one-year period set forth in NRS 34.726, *Brown*, 130 Nev. at 576, 331 P.3d at 874. And, insofar as Bynoe relies on *Bills* as good cause, the claim was not raised within a reasonable time of its becoming available. *See Rippo*, 134 Nev. at 422, 423 P.3d at 1097.

insanity can satisfy the actual innocence gateway, Bynoe has not carried his burden of proof. "To qualify as being legally insane, a defendant must be in a delusional state such that he cannot know or understand the nature and capacity of his act, or his delusion must be such that he cannot appreciate the wrongfulness of his act, that is, that the act is not authorized by law." *Finger*, 117 Nev. at 576, 27 P.3d at 84-85. Bynoe focuses on a 2019 psychologist's report that concludes he lacked criminal responsibility largely because he was suffering from severe symptoms of schizophrenia at the time of the crime. But evidence in the record indicates that Bynoe understood the nature and capacity of his act and that it was not authorized by law. Bynoe had been previously convicted for similar conduct molesting young girls.[3] Further, Bynoe made statements while being treated for schizophrenia that suggest he understood the nature and wrongfulness of his conduct.[4] Lastly, Bynoe's contemporaneous statements from which his

---

[3]If Bynoe had proceeded to trial, his prior convictions likely would have been admissible to show motive, intent, and absence of mistake. *See* NRS 48.045(2).

[4]Again, if Bynoe had proceeded to trial, his statements likely would have been admissible because an insanity defense would have put his mental illness and related treatment at issue. *See* NRS 51.115 (providing hearsay rule does not bar statements made for purpose of medical treatment or diagnosis); *see also* NRS 49.213(3) (psychologist-patient privilege waived where the treatment is an element of the defense); NRS 49.245(4) (doctor-patient privilege waived where the condition is an element of the defense); *State v. Long*, 575 A.2d 435, 454 (N.J. 1990) (holding "defendant waived [physician/psychiatrist-patient] privilege when he gave notice that he intended to pursue an insanity defense" in applying New Jersey statute with nearly identical relevant language), *superseded by*

(O) 1947A

delusion may be inferred were vague and did not suggest that the conduct amounting to lewdness was the product of a delusion. The evidence he offers is too flimsy a basis to conclude that no reasonable juror could have rejected an insanity defense.[5] *See Finger*, 117 Nev. at 577, 27 P.3d at 85 (explaining that an insanity defense requires evidence that "the delusion, if true, would justify the commission of the criminal act").

Lastly, Bynoe argues that he rebutted the presumption of prejudice under NRS 34.800(1)(b) based on his showing of actual innocence. *See Berry v. State*, 131 Nev. 957, 974, 363 P.3d 1148, 1159 (2015) (recognizing that a showing of actual innocence will satisfy the showing required under NRS 34.800(1)(b) to rebut the presumption of prejudice to the State in retrying a defendant). As noted, Bynoe has not shown actual innocence. Therefore, he has not rebutted the presumption of prejudice

---

*statute on other grounds as s tated in State v. Townsend*, 897 A.2d 316 (N.J. 2006).

[5]To the extent the district court suggested the actual innocence gateway is subject to a good cause requirement, we conclude the district court erred. Nevertheless, we affirm because the district court reached the correct outcome for the reasons discussed in this order. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005); *Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

under NRS 34.800(1)(b).[6] The district court thus did not err in alternatively dismissing the petition under NRS 34.800.

Having considered Bynoe's contentions and concluded they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.[7]

_____, C.J.
Hardesty

_____, J.      _____, Sr.J.
Cadish                                          Gibbons

cc:     Hon. Barry L. Breslow, District Judge
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Attorney General/Las Vegas
        Washoe County District Attorney
        Washoe District Court Clerk

---

[6]Bynoe also has not shown reasonable diligence sufficient to rebut the presumption of prejudice under NRS 34.800(1)(a).

[7]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.